## Eugene T. Miller et al. v. The People of the State of Illinois, on the Relation of Joseph Simons.

1. PRODUCTION OF BOOKS OF ACCOUNT—*Power of the County Court.*— Under Sec. 128, Ch. 3, R. S., providing that "the books of accounts of any deceased person shall be subject to the inspection of all persons interested therein," the County Court is vested with general jurisdiction in the settlement of estates, and may make all orders regarding the production of such books as may be necessary to the protection of claimants and others having pecuniary interests involved.

2. COUNTY COURTS—*Inherent Powers.*—Independent of Sec. 81, Ch. 3, R. S., the County Court has the inherent power, necessary to the due exercise of its general authority, to compel the production of the books of account of the deceased in the hearing of claims against the estate.

3. ADMINISTRATION OF ESTATES—*Sale of Books of an Estate*— Appellant filed two claims against an estate for salary and profits alleged to be due him on account of his connection with the business of the deceased. Upon a showing that the books of accounts of the deceased were of importance in reference to these claims, he procured a citation upon the executors and their attorney to produce them. The defense to the citation was that one of the executors, having occasion to use the books in preserving the evidence by bill of exceptions in order to prosecute an appeal from the decision of the Circuit Court in the matter of his claims against the estate. had incorporated them in a bill of exceptions, and to enable him to do so without interference a bill of sale of said books had been made to the attorney by the executors for the sum of $5. *It was held* that the sale of the books was without authority of law and without permission of the court and was void.

**Memorandum.**—Administration of estates. Order on executors to produce books. Appeal from the Circuit Court of Hancock County; the Hon. CHARLES J. SCOFIELD, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

Miller v. The People.

Appellant's Brief, George W. Fogg and O'Hara & Sco-
field, Attorneys.

The enactment of the 81st section of chapter 3, of Ill. R.
S., touching the discovery of assets of deceased persons, did
not thereby provide a new and summary method for the trial,
without the intervention of a jury, of controverted and con-
tested questions concerning title or ownership of chattel
property, notes, bonds or books, or books of account, even
though one of the contestants should be an executor, or the
defendant deduce title through a decedent or through his
legal representative.    Vols. 1 and 3, Starr & Curtis' Statutes,
Ch. 3, Sec. 81, and cases there cited; Townsend v. Radcliffe,
44 Ill. 448; Wade v. Prichard, 69 Ill. 280; Minzer v. Bering-
ton, 42 Ohio 327–8; Evans v. Evans, 79 Mo. 53; Hood v. Dych,
47 Mo. 215; Reidey v. Newell, 37 Mo. 126–8; Howell v. Fry,
19 Ohio, 556; Powers v. Blakey's Admr., 16 Mo. 437; 71
Cal. 272, 269; People v. Abbott, 105 Ill. 588.    This statute
is cumulative, and action will lie under it only when detinue,
trover or replevin would lie, and then only against persons
that might properly be made defendants in those actions.
Williams v. Conley, 20 Ill. 645; Wade v. Pickerell, 69 Ill. 280.

A bill in equity is the only mode of procedure to hear and
determine questions of fraud or fraudulent acts in an exec-
utor or trustee.    Under the course of procedure in that
court, the issues can be fairly presented and tried, and res-
titution or other proper remedy directed, according to the
usual course of practice in such courts.    Guphil v. Isbell, 19
Am. Dec. 675; Parsons v. Geer, 12 Fed. Rep. 607; 20 Blatch-
ford, 535; Smith v. Lucher, 6 Cowan, 686; Bispham on Eq.
300, 1 note and cases cited; Howell v. Moore, 127 Ill. 67;
128 Ill. 307; 119 Ill. 93; 123 Ill. 260; 101 Ill. 190; 9 Cowan,
325; 7 Cowan, 306; 5 Md. 219; 43 Ind. 150; 28 Ohio State,
231.

Suit to set aside an executor's sale, on the ground of fraud
or collusion, in violation of his trust and the rights of dis-
tributees and others, can be maintained by creditors, lega-
tees, heirs, and other distributees, in a court of equity only.
Worthy v. Johnson, 52 Am. Dec. 400; Swink v. Snodgrass,

Ibid. 193; Ringold v. Ringold, 18 Am. Dec. 250; Zimmerman v. Kinkle, 108 N. Y. 282, and cases cited; Colt v. Lannier et al., 9 Cowan, 319; Morton v. Paulding, 10 Paige, 40; Bigelow on Fraud, 473.

Courts of equity exercise a general jurisdiction in cases of fraudulent sale, and, on proper bill of complaint, may set aside the sale and order the surrender of sale bills, and a return of the thing sold. Story's Equity, Sec. 184; Bigelow on Fraud, 321; Petrie v. Clark, 11 Serg. & Rawle, 377; Southerland v. Barths, 7 John. Ch. 17.

APPELLEE'S BRIEF, SPRIGG, ANDERSON & VANDEVENTER, ATTORNEYS.

Under Sec. 81, Ch. 3, R. S., all personal property, books, etc., belonging to an estate, can be recovered from a wrongful holder, whether he got them before or after the death of the decedent. Steinmann v. Steinmann, 105 Ill. 348; Blair v. Sinnott, 134 Ill. 78.

And if one of several executors is guilty of misconduct the court will interfere if necessary and compel him to place notes, bonds and securities in his possession in other custody. Wood v. Brown, 34 N. Y. 337.

The books of account of any deceased person shall be subject to the inspection of all persons interested. R. S., Ch. 3, Sec. 128. And this has been the law of the State of Illinois since 1845.

The books of account attempted to be sold, of no money value and necessary for protection of the estate and required by the statute to be subject to the inspection of all persons interested, are not salable assets. Eyre v. Higbee, 35 Barb. 502; 1 Story Eq. Jur. 613, Sec. 531 (6th Ed.); 2 Woerner Am. L. Adm., Sec. 305, note 2; Wood v. Brown, 34 N. Y. 337; 2 Bl. Com. 510.

The County Court has ample power to order the books restored without the delay and expense of a suit in chancery or an action on the official bond of the executor. Mathews v. Hoff, 113 Ill. p. 90; Farewell v. Crandall, 120 Ill. 70; Seavey v. Seavey, 30 Ill. App. 626.

Even if the books could in any event be considered assets of a salable character by the executor, the sale under the circumstances shown was void.   The purchaser knew it was an attempt, and made with design to apply the same to the use of the executor, Eugene T. Miller.   Murray McConnell v. William Hodson et al., 2 Gil. 640; Makepeace v. Moore, 5 Gil. 474; Colt v. Lasnier, 9 Cow. (N. Y.) 320.

The alleged sale was also void for want of an order of the County Court authorizing it.   R. S., Ch. 3, Sec. 91; Wyatt's Admr. v. Rambo, 29 Ala. 510; Wyatt's Admr. v. Rambo, 68 Am. Dec. 89.

The attempt of the two executors to sell these books of account—a thing without precedent—that fact alone is a strong presumption that it can not be done at all.   Russell v. Men of Devon, 2 T. R. (D. & E.) 312; Eyre v. Higbee, 35 Barb. 502.

Mr. Justice Wall delivered the opinion of the Court.

The arguments of counsel in this case have taken a wide range, and though many questions are raised and discussed with vigor and ability, we think the only points necessary to be considered may be briefly stated and disposed of. Pursuant to the will of George A. Miller, deceased, his widow was appointed executrix, and the appellants, Eugene T. and Alexander T., sons of the deceased, and appellee, Joseph Simons, a son-in-law, were appointed executors.   They qualified and proceeded to adjust the estate, which is still in course of administration.   Appellant Eugene T. Miller filed two claims against the estate for large amounts for salary and profits alleged to be due him on account of his connection with the business of the deceased.   The litigation upon these claims has not yet terminated.   The books of account of the deceased are of importance in reference to these claims as well as to various other matters arising in the settlement and division of the estate.   The appellants, who are the said Eugene T. and Alexander T. Miller, and George W. Fogg, their attorney, were cited to produce these books to the end that they might be delivered to such person or custody as

the court should direct. The answer disclosed as a defense that said Eugene T. Miller, having occasion to use the books in preserving the evidence by bill of exceptions, in order to prosecute an appeal from the decision of the Circuit Court in the matter of his said claims against the estate, had incorporated said books in said bill of exceptions, and to enable him to do so without the interference of the appellee, a bill of sale of said books had been made to said Fogg by the said Eugene T. Miller, Alexander T. Miller and Anna P. Miller, for the sum of $5. This answer was in substance a restatement more in detail of the facts alleged in the petition, and thus the question is whether the order appealed from, that the books should be returned to the clerk of the County Court, subject to the direction and order of said court, was a proper one.

We are entirely satisfied with that order and have no doubt of its propriety.

By Sec. 128, Ch. 3, R. S., it is provided that "the books of accounts of any deceased person shall be subject to the inspection of all persons interested therein." The County Court is vested with general jurisdiction in the settlements of estates, and may make all orders necessary to the protection of claimants and others having pecuniary interests involved. In this instance one of the executors has presented a claim in his own favor in regard to matters of which these books were the chief records, and by the arrangement stated, he has undertaken to exercise exclusive control of the books under the alleged ownership of his attorney, by virtue of an alleged sale.

If he can do this, the statutory provisions above quoted may be nullified.

The sale of the books was without authority of law and without permission of the court and was void. The appellants had no right to the sole custody of the books, and when they asserted such power, there was presented a situation which made it proper and necessary that the books should be placed under the immediate control of the court for the benefit of all persons having a right to inspect the same.

It is not necessary to determine whether the power to make such order is given by Sec. 81 of the Administration Act. If it is not, the court would have the inherent power as necessary to the due exercise of its general authority in the premises.

The judgment of the Circuit Court will be affirmed.